431 A.2d 337

**Nancy P. HOOVER,**

v.

**Willard E. HOOVER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed June 19, 1981.

Wayne A. Bromfield, Lewisburg, for appellant.

Louise O. Knight, Lewisburg, for appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from an order of the Court of Common Pleas of Union County awarding $300 as counsel fees to the petitioner-wife, Nancy P. Hoover, who is the plaintiff in a divorce action, and against the respondent-husband, William E. Hoover, Jr., the defendant in the divorce action.

The court below made its determination based on a stipulation of the husband that his gross income for 1978 was $21,588.11 and that the wife's gross income was $17,572.81.

■ We agree with the court's statement of the law as set forth in *Wechslar v. Wechslar*, 242 Pa.Super. 356, 363 A.2d 1307 (1976) as well as *Wiegand v. Wiegand*, 242 Pa.Super. 170, 363 A.2d 1215 (1976) where this Court stated:

"The legal principles governing the award of counsel fees are well-defined and straightforward. Reasonable counsel fees are to be paid a spouse in order to 'promote the administration of fair and impartial justice by placing the parties on a par in defending their rights.' *Moore v. Moore*, 198 Pa.Super. 349, 354, 181 A.2d 714, 716 (1962)."

Also in *Wiegand v. Wiegand*, this court stated:

"The rule has been modified historically by an important exception, that when the wife has sufficient means of her own, no award will be made."

■ However, in this case there is no evidence of need; no evidence of the cost of maintaining three children in the custody of the petitioner nor whether an order of support is in existence or being voluntarily paid by the respondent; no evidence of the character and surroundings of the parties; and no evidence of the value of counsel's services. Counsel fees are not to be awarded to either spouse automatically. The purpose of an award of counsel fees is not to punish one spouse nor to reward the other. Likewise, merely because one spouse earns more than the other does not automatically entitle the spouse earning less money to counsel fees. Actu-

162

al need must be shown in order to justify an award of counsel fees so that both parties are placed "on a par" in defending their rights. In many cases where both spouses are earning or have access to substantial amounts of money no award of counsel fees should be made to either spouse.

Because of the paucity of facts upon which the lower court order is based, we remand the case for the taking of additional testimony in accordance with this opinion.