## Martin v. Martin

*Neil L. Albert*, for defendant.
*R. S. Trigg*, for plaintiff.

HUMMER, *J.*, February 16, 1983—Before the court is defendant's petition to strike or, in the alternative, to open a judgment levying upon her various costs incurred in the above-captioned divorce action.

The complaint, which sought a divorce on the basis of indignities to the person, was filed on November 7, 1979 and certified under the Divorce Code of 1980 on April 20, 1981. After an unsuccessful attempt at reconciliation, defendant petitioned the court for equitable distribution, alimony pendente lite, and counsel fees. These claims were settled on April 23, 1982, when the parties executed a postnuptial agreement. That agreement, inter alia, provided that each party was responsible for his or her debts. The divorce master's report, which was submitted on May 4, 1982, indicated that "each of the parties is paying his or her costs of this proceeding." Plaintiff took no exception to the report. Nevertheless, the court remanded the report because it did not dispose of outstanding claims. The report was resubmitted on June 16, 1982 with a postnuptial agreement, and the divorce was granted by the court on June 17, 1982. Plaintiff, again, filed no exceptons.

In the meantime, on May 20, 1982, plaintiff filed a bill of costs in the prothonotary's office assessing as costs of the divorce action various items including the master's and court reporter's fees. Subsequently, after defendant did not take exception to the bill, plaintiff, on June 18, 1982, entered judgment against defendant for the above costs, even though no petition seeking such relief had been filed pursuant to the Divorce Code, and the matter had not been adjudicated by the court. After unsuccessful efforts to settle this issue, defendant petitioned the court to strike or, in the alternative, to open the judgment. Briefs were filed and argument

was heard by the court en banc on January 26, 1983.

In order to sustain a petition to strike, the moving party must show that fatal defects appear on the face of the record: Policino v. Ehrlich, 236 Pa. Super. 19, 345 A. 2d 224, (1975); and Linett v. Linett, 434 Pa. 441, 254 A. 2d 7 (1969). According to defendant, the judgment should be stricken because the prothonotary lacked authority to enter such a judgment and because the postnuptial agreement and master's report expressly provided that the costs should be shared.

The courts, pursuant to the Divorce Code of 1980, 23 Pa.C.S.A. § 502, and the applicable Rules of Civil Procedure 1920.31 and 55, have authority to assess costs in divorce actions. Defendant argues, in effect, that this is the exclusive procedure for assessing costs in divorce suits, and because plaintiff did not follow this procedure, the judgment should be stricken since the prothonotary lacked authority to enter judgment. Plaintiff admits that he did not follow this procedure, but argues that Local Rule 280 provides authority for assessing costs in civil suits on the basis of the prevailing party, and also provides authority for assessing costs in divorce actions.

Plaintiff's argument, if accepted, would render superfluous the provisions of the Divorce Code and undermine the reasons for which costs are awarded under the Code. The Judicial Code, 42 Pa.C.S.A. § 1726(2), which provides guidelines for courts to follow when adopting rules concerning the imposition of costs in civil suits, emphasizes the placing of costs on the losing party. That system, upon which Local Rule 280 is purportedly based, is in sharp contrast to the Divorce Code which bases such relief on need, ability to pay, and the complexity of the case: Hoover v. Hoover, 288 Pa. Super. 159, 431

A. 2d 337 (1981). Basing the assessment of costs upon need and ability to pay, rather than on which party prevails, furthers the Code's purposes of effectuating economic justice between the parties, and placing the parties on an equal footing to assert their rights: Byler v. Byler, Lanc. Co. no. 89, October term, 1980; Johnstone v. Johnstone, Lancaster Co. no. 83, July term, 1980.

Plaintiff's argument would also avoid the procedure designed to enable the court to consider the above substantive factors for awarding costs and expenses. Plaintiff never petitioned the court for this relief as required by the Divorce Code, 23 Pa.C.S.A. §§301 and 502; and Pa.R.C.P. 1920.15; Cf. Pa.R.C.P. 1920.31(c). Further, because it was not properly raised, the Master did not take testimony on this claim as required by Local Rule 1920.51(a)(G).

The petition to strike can also be sustained on the basis of defendant's argument that the master's report and postnuptial agreement both provide for a sharing of costs.* Because he failed to take exceptions to the master's report and specifically agreed to pay his share of costs in the postnuptial agreement, plaintiff's effort to assess costs upon defendant cannot be allowed to stand.

In that the judgment will be stricken, the court need not address defendant's petition to open the judgment.

## ORDER

And now, February 16, 1983, defendant's petition to strike the judgment awarding costs on plaintiff is granted, and the judgment is ordered to be stricken.

___

*Plaintiff's argument that the postnuptial agreement was fraudulently induced is also not sufficient. Even if it had been so induced, the prothonotary would still lack authority to grant plaintiff's relief.