473 A.2d 1087

**Olga J. FRIED**

v.

**Robert J. FRIED, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1983.

Filed March 30, 1984.

Petition for Allowance of Appeal Granted Oct. 25, 1984.

Ronald Katzman, Harrisburg, for appellant.

Timothy J. O'Connell, Harrisburg, for appellee.

Before McEWEN, JOHNSON and HESTER, JJ.

McEWEN, Judge:

Appellant has appealed from an order entered by the Court of Common Pleas of Dauphin County which awarded to appellee the sum of $1,000.00 for interim counsel fees and expenses and $1,250.00 for payment of master's fees and stenographic costs incurred in this action in divorce. Appellant contends the trial court erred in making an interim award of counsel fees and expenses as well as in providing for an interim award of monies for stenographic costs and master's fees. While we find no abuse of discretion on the part of the court in the award of counsel fees and expenses, we are constrained to vacate that part of the

order which provided an interim award for stenographic costs and master's fees.

Appellee filed a complaint in divorce in July of 1980, pursuant to the Divorce Code of 1980,[1] alleging that her husband, the appellant herein, wilfully and maliciously deserted and was absent from the marital home, without reasonable cause, for a period of more than one year.[2] In this complaint appellee requested that the court award "reasonable child support, alimony, alimony pendente lite, counsel fees, and equitable distribution of the marital property and payment of costs and expenses." A special master was appointed pursuant to Pa.R.C.P. 1920.51, who, after a hearing, recommended that the court issue a rule to show cause why appellant should not deposit $1,250.00 with the Prothonotary as payment for the master's fee and stenographic costs and $1,000.00 as an interim award of counsel fees and expenses.[3] The Court of Common Pleas issued a rule upon appellant on October 14, 1981, and thereafter issued an order directing appellant to pay the above amounts. Appellant undertook the present appeal from that order.

■ Appellee has challenged the jurisdiction of this court to entertain the present appeal, contending that the order appealed from is not a final, appealable order. This court has, however, held in *Sutliff v. Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984) that an order denying alimony pendente lite and interim counsel fees is a final appealable order. We are, therefore, contrary to appellee's contention, possessed of jurisdiction to entertain the instant appeal.

■ Appellant argues that the trial court erred when it ordered him to pay interim counsel fees and expenses incurred by appellee and contends not only that the amount

1. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.*

2. *See* Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 201(a)(1).

3. Exceptions, as required by Pa.R.C.P. 1920.55, were filed by appellant. *See Carangelo v. Carangelo,* 321 Pa.Super. 219, 467 A.2d 1333 (1983).

of the award was incorrect but also that the court is without authority to enter an interim award of this nature. We disagree with both contentions.

The purpose [for the award of alimony pendente lite, counsel fees and expenses] is to promote the fair and impartial administration of justice by enabling the defendant spouse to maintain or defend the principle action in divorce without being placed at a financial disadvantage.

*Sutliff v. Sutliff, supra,* 326 Pa.Super. at 500, 474 A.2d 599. *Accord Remick v. Remick,* 310 Pa.Super. 23, 37, 456 A.2d 163, 169 (1983); *Jack v. Jack,* 253 Pa.Super. 538, 543–544, 385 A.2d 469, 472 (1978); *Moore v. Moore,* 198 Pa.Super. 349, 353–354, 181 A.2d 714, 716 (1962). Thus, the *very purpose* of such interim relief would be defeated if we were to accept appellant's contention that counsel fees and expenses may not be awarded prior to the entry of a final decree in an action in divorce. *See Wiegand v. Wiegand,* 242 Pa.Super. 170, 176–177, 363 A.2d 1215, 1218 (1976). We, therefore, dismiss this argument as meritless.

■ As we consider the allegation that the trial court erred in awarding appellee the sum of $1,000.00 for interim counsel fees and expenses, we are guided by the rule enunciated in *Jack v. Jack, supra:*

No standard is fixed for determination of the amount of counsel fee other than the requirement that it must be reasonable. Consideration must be given to the husband's ability to pay, the wife's necessity, and to the extent of her separate estate. *See* Freedman, Law of Marriage and Divorce, Second Edition, Section 465.

'How much shall be allowed as alimony and for counsel fees and expenses is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion ... This court will not reverse an order of the court below "except for plain abuse of discretion" ... There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the value of counsel's services or by the wife's necessities. "The husband's ability to pay, the separate estate of the

wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay." '

*Id.* 253 Pa.Super. at 545, 385 A.2d at 473 *quoting Shuman v. Shuman,* 195 Pa.Super. 155, 157, 170 A.2d 602, 603 (1969). *See also Remick v. Remick, supra* 310 Pa.Super. at 23, 456 A.2d at 165–166; *Moore v. Moore, supra* 198 Pa.Super. at 353, 181 A.2d at 716. Our review of the record convinces us that the recommendations of the special master with regard to the aforementioned expenses and counsel fees were based upon more than adequate evidence. Such evidence included (1) a hearing held by the special master at which the parties testified to their respective abilities to bear these expenses; (2) the "income and expense statements" of both appellant and appellee; and (3) the "marital assets" statements submitted by appellant and appellee. We discern no abuse of discretion on the part of the trial court in awarding appellee the amount of $1,000.00 for counsel fees and expenses and, therefore, affirm the award of counsel fees and expenses.

Appellant's final contention of error is that the Common Pleas Court erred when it ordered him to pay, prior to the final decree, a sum representing the master's fee and stenographic costs incurred in this divorce action. We agree. Section 401 of the Pennsylvania Divorce Code provides in relevant part:

**Section 401. Decree of Court.**

(b) .... The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and *upon final disposition, the court may award costs* to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own costs, or may order that costs be divided equitably as it shall appear just and reasonable.

The Supreme Court has promulgated Rules 1920.1 through 1920.92 of the Rules of Civil Procedure, 42 Pa.C.S., governing actions commenced pursuant to the Divorce Code

of 1980. Rule 1920.62(a) provides that costs in such actions include master's fees and stenographic expenses.[4] As Section 401 of the Divorce Code provides for an award of costs only upon final disposition and the Supreme Court has defined costs to include stenographic expenses and master's fees, we are constrained to vacate that part of the order awarding such costs.[5]

Order affirmed in part and reversed in part. Case remanded. Jurisdiction is relinquished.

4. Rule 1920.62. Proceedings by Indigent Parties

(a) Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring inability to pay all or part of the costs of the action, the court, upon being satisfied of the truth of the averments of the petition, shall enter an order permitting the party to proceed upon payment of only those costs which the court finds the party able to pay. *Costs include master's fees and stenographic charges.* The petition must disclose the party's full financial condition, including income and property. No filing fee shall be required for the filing of the petition. (emphasis added)

5. While we have concluded that interim awards of costs are not permitted in divorce actions, we note that such awards are provided for in some civil actions. *See e.g.*, 42 Pa.C.S. § 6135; Pa.R.C.P. 217; Pa.R.C.P. 1525.