513 A.2d 1024

**Carlyton M. GANONG**

v.

**Mildred D. GANONG, Appellant.**

Superior Court of Pennsylvania.

Argued March 13, 1986.

Filed Aug. 6, 1986.

484

Ronald R. Bolig, Sellersville, for appellant.

Rodney D. Henry, Quakertown, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WICKERSHAM, Judge:

Mildred D. Ganong appeals from the judgment entered in the Court of Common Pleas of Bucks County in this equitable distribution of marital property case.

Carlyton M. Ganong, appellee, filed a complaint in divorce on January 12, 1982. Both parties filed petitions for equitable distribution of marital property, and Mildred Ganong also filed a petition for alimony, counsel fees, and expenses. A divorce decree was entered on August 4, 1983, reserving for future decision all rights to proceed on the economic issues.

The parties were married for approximately fifteen years. During the marriage, they acquired twenty-five acres of land in Springfield Township, Bucks County, upon which they built a house; a rental property in Quakertown; numerous vehicles; tools; household furnishings; bank ac-

counts; and some pension and profit-sharing rights. The marriage also produced three children: Angeline, Julie and Carlyton. At the time of the hearing in March 1984, the children were ages 16, 12 and 10 respectively. They reside with appellee in the family home; their custody is not at issue.

The evidence produced at the hearing showed that the parties were similar in many respects. Appellant was 33 and appellee 34 years old. Each had a "G.E.D." high school equivalency diploma, and each had taken 15–18 units of college credits. Both had worked throughout the marriage, although appellant had been laid off periodically. Appellee was employed in 1983 as a quality assurance supervisor and earned approximately $39,000, a portion of which was the result of voluntary overtime. Appellant was employed in 1983 as a drill press operator and earned approximately $13,000. The lower court found that neither party's income was likely to increase significantly in the future.

On June 18, 1984, the lower court entered a nisi order dividing the parties' marital property, with approximately 55% going to appellee and 45% going to appellant. The same order also denied appellant's request for counsel fees.[1] Appellant filed timely exceptions and supplemental exceptions to the nisi order, which were argued before the trial judge. On March 27, 1985, the lower court filed an amended nisi order, which made some minor changes in the distribution of certain items. No exceptions were filed to the amended nisi order, and it was subsequently entered as a final decree on May 1, 1985. This timely appeal followed.

Appellant presents two issues:

I. Has a trial judge abused his discretion in an equitable distribution matter where he has failed to consider legislatively mandated considerations?

II. Should the court enter an award of counsel fees and expenses to [appellant], where such an award is

---

**1.** Apparently appellant's request for alimony was no longer contested by the time of the order.

necessary to place her on a par with [appellee] in litigating her rights?

Brief for Appellant at 3.[2]

■ Before we can address appellant's issues, however, we must turn to appellee's argument that the appeal should be quashed. Appellee filed a motion to quash the appeal, to which appellant responded. The motion was denied without prejudice to appellee's right to argue the issue in his appellate brief and oral argument.

In order to answer appellee's motion to quash, we must carefully examine the lower court's orders. The first order entered on June 18, 1984 was entitled "Nisi Order for Equitable Distribution, Alimony and Counsel Fees." Appellant filed exceptions to the nisi order, pursuant to Pa.R.C.P. Nos. 1920.52 and 227.1. On March 27, 1985, in response to the exceptions filed by appellant, the lower court entered an order entitled "Amended Nisi Order for Equitable Distribution," which stated, in relevant part:

Each party shall have the right to file exceptions to the court's findings, conclusion and this nisi order within ten days hereof, with additional proceedings, if any, related to this nisi order to be substantially in accordance with the procedures set forth in Pa.R.C.P. 1518 and 1519.

This was the same sentence the court had used in the prior nisi order.[3] No exceptions were filed by either party to the amended nisi order. On May 1, 1985, the amended nisi

2. We note that appellant's first issue was not raised as such in her exceptions or supplemental exceptions. An examination of her argument under issue one, however, reveals that appellant is using issue one to encompass several of her exceptions raised below.

3. We note that Pa.R.C.P Nos. 1518 and 1519, to which the lower court referred in his orders, were rescinded on October 19, 1983, effective January 1, 1984. This was prior to the filing of both orders in this case. Rule 1518 called for the filing of exceptions within 10 days after notice of the filing of the decree. Rule 1519 stated, *inter alia*, that (a) if no exceptions were filed within 10 days, the decree nisi should be entered on praecipe as the final decree, and (b) if exceptions were filed, the court should sustain or dismiss them "and affirm, modify or change the decree nisi accordingly, or enter any other appropriate order." Pa.R.C.P. No. 227 presently, and at the time of the instant nisi orders, covers all post-trial relief.

order was entered as a final decree, and appellant filed this appeal.

Appellee contends that the appeal should be quashed because appellant has waived all issues by failing to file exceptions to the amended nisi order. *See Hanik v. Pennsylvania Power Co.*, 308 Pa.Super. 352, 454 A.2d 572 (1982) (matters not addressed in exceptions are deemed waived). Since the amended nisi order clearly stated that each party had the right to file exceptions, appellee contends that, by choosing not to file exceptions, appellant has waived all issues. On the other hand, appellant argues that our rules of civil procedure do not authorize an "amended nisi order" to which further exceptions may be filed. She contends that the amended order was in reality a final order regarding her prior exceptions, and that the filing of further exceptions would have been a useless act.

It is generally true that by failing to file exceptions to the nisi decision of the lower court, appellant does not preserve any issue for appeal.

> Our rules and case law require litigants to file exceptions to nisi determinations of trial courts because 'appellate review is more meaningful when the trial court has first had an opportunity to review its decision and to address the specific allegations of error raised in exceptions.' *Jones v. State Auto. Ins. Ass'n*, [309] Pa.Super. [477], [484], 455 A.2d 710, 713 (1983). However, there is no requirement that exceptions be filed after entry of final judgment.

*Commonwealth ex rel. Waltman v. Graczyk*, 501 Pa. 244, 246–47, 460 A.2d 1098, 1099 (1983). Therein lies the problem in the instant case—was the "amended nisi order" in reality a final order, requiring no additional exceptions? The parties have not cited any relevant caselaw, nor have we found any cases on point.

While appellant is correct that an "amended nisi order" is not authorized by our rules, under Pa.R.C.P. No. 227.1(a)(4) and (5), a court may "affirm, modify or change the decision or decree nisi" or "enter any other appropriate order." We

note that rescinded Rule 1519, which the lower court cited, provided the same options to the court. While the words "amend", "modify" and "change" do not have identical meanings, we can see no reason to exalt form over substance in this instance. The intent of the rule is clearly to allow the court to revise its decision or decree nisi in response to a motion for post-trial relief, or in our case, exceptions. The lower court herein did exactly that—it amended its nisi order in response to appellant's exceptions.

The question still remains, however, whether a second set of exceptions was necessary to preserve appellant's prior exceptions for appellate review. It is clear that appellant's first set of exceptions was necessary under Pa.R.C.P. Nos. 1920.52 and 227 to preclude waiver of her objections to the court's nisi order. *See, e.g., Taylor v. Taylor,* 345 Pa.Super. 184, 497 A.2d 1365 (1985); *Szakmeister v. Szakmeister,* 344 Pa.Super. 465, 496 A.2d 1199 (1985). Appellant argues that a second set of exceptions to the amended nisi order would have been futile. A close reading of the opinion and nisi order of June 18, 1984 and the opinion and amended nisi order of March 27, 1985 reveals that the second opinion made only minor changes in the original opinion. In its initial opinion and order, after making findings of facts and discussing the factors listed in 23 P.S. § 401(d) as they related to those facts, the lower court allocated the marital property in a ratio of 55% to appellee and 45% to appellant. Appellant filed numerous exceptions and supplemental exceptions to that order, dealing with a variety of topics. In its second opinion, the lower court noted that it was rendering the second opinion and amended order in response to the parties' oral arguments and briefs regarding appellant's exceptions. Then the court specifically noted: "Generally, our initial opinion stands as written. We will, however, address the following issues." Lower ct. op., March 27, 1985, at 1. The court then went on to make certain technical corrections regarding the placement of an automobile, inclusion of appellee's pension as a marital

asset, and some mathematical errors. Notably, the court made no further statement on the primary exceptions raised. The proportionate distribution remained at 55% to appellee and 45% to appellant.

Keeping in mind that the purpose of filing exceptions to a trial court's order is to allow the trial court an opportunity to review its decision and to address specific allegations of error, *Commonwealth ex rel. Waltman v. Graczyk, supra,* we find that under the facts of the instant case, this purpose has been met. The trial court had an opportunity to review the exceptions taken by appellant and we must assume that by its lack of discussion of all points but the few mentioned above, the court, in effect, denied the bulk of the exceptions. Being in her favor, appellant had no reason to except to the modifications made in the distribution in the second opinion. Despite the court's language calling for exceptions, we do not see what purpose would be served by appellant filing a second set of exceptions, i.e., exceptions identical to those originally filed but excluding those exceptions the court had granted. Filing additional, repetitive exceptions would have been a futile waste of time and money in this case. Therefore, we will not fault appellant for taking a direct appeal to our court following the entry of judgment on the amended nisi order.

Appellant, however, does not fare so well when we turn to the merits of her appeal. First, appellant submits that the lower court abused its discretion by failing to consider the factors set forth in 23 P.S. § 401(d). In this regard, she makes the following contentions: (1) the court's conclusion that the parties' health and future income and employment prospects are similar is erroneous; (2) there was significant testimony that appellant is underweight and has debilitating residual effects to her left shoulder from an accident; (3) the court failed to consider the significant income differential between the parties; (4) the court's conclusions that appellant has no financial obligations and has the opportunity to save money are not supported by the record; (5) the

court improperly considered appellee's custody of the parties' three minor children in reaching its decision regarding equitable distribution; (6) the court erred in accepting appellee's expense statement as correct; and (7) the court failed to consider that appellee resided with a woman and her daughter, who did not make contributions toward expenses.

"The standard by which we review the equitable distribution of marital property, awards of alimony pendente lite, counsel fees, and permanent alimony is the abuse of discretion standard; absent an abuse of discretion by the trial court we will not disturb the award." *Taylor v. Taylor, supra,* 345 Pa.Super. at 186, 497 A.2d at 1366. *See also Vajda v. Vajda,* 337 Pa.Super. 573, 487 A.2d 409 (1985); *Madden v. Madden,* 336 Pa.Super. 552, 486 A.2d 401 (1985); *Pangallo v. Pangallo,* 329 Pa.Super. 25, 477 A.2d 885 (1984). In determining the propriety of property distribution, we do not usurp the trial court's duty as fact-finder. Rather, we apply the legislative guidelines of the divorce code to the record to determine whether or not the hearing court has abused its discretion. *Estep v. Estep,* 353 Pa.Super. 227, 509 A.2d 419 (1986); *Sergi v. Sergi,* 351 Pa.Super. 588, 506 A.2d 928 (1986); *Barnhart v. Barnhart,* 343 Pa.Super. 234, 494 A.2d 443 (1985). On a previous occasion, this court has stated:

> We note that there is no simple formula by which to divide marital property. The method of distribution derives from the facts of the individual case. The list of factors of 401(d) serves as a guideline for consideration, although the list is neither exhaustive nor specific as to the weight to be given the various factors. Thus, the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions.

*Sergi v. Sergi, supra,* 351 Pa.Superior Ct. at 599–600, 506 A.2d at 934, *quoting Semasek v. Semasek,* 331 Pa.Super. 1, 11, 479 A.2d 1047, 1052 (1984), *aff'd in part, rev'd in part,* 509 Pa. 282, 502 A.2d 109 (1985).

■   With this standard in mind, we have carefully reviewed the lower court's findings and cannot say that the court abused its discretion in distributing the marital property. The court did consider the facts it found in light of the factors of section 401(d).[4] *See LaBuda v. LaBuda,* 349 Pa.Super. 524, 503 A.2d 971 (1986). The court was aware of the disparity in the parties' incomes and expenses, appellant's past health problems, the parties' future employment prospects, and the parties' living arrangements. While another court may have given different weight to the factors of section 401(d), it is apparent that the lower court herein considered these factors in its determination. Since the record fails to reflect an abuse of discretion on the part of the lower court, its decision must stand with respect to the weight accorded the 401(d) factors. *See Sergi v. Sergi, supra.*

■   Nor do we find that the court abused its discretion in making a 55/45 division of the property. "[T]he use of a

4.  23 P.S. § 401(d) states:
    (d) In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign the marital property between the parties without regard to marital misconduct in such proportions as the court deems just after considering all relevant factors including:
    (1) The length of the marriage.
    (2) Any prior marriage of either party.
    (3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.
    (4) The contribution by one party to the education, training, or increased earning power of the other party.
    (5) The opportunity of each party for future acquisitions of capital assets and income.
    (6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.
    (7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.
    (8) The value of the property set apart to each party.
    (9) The standard of living of the parties established during the marriage.
    (10) The economic circumstances of each party at the time the division of property is to become effective.

50/50 *starting point* is not an end to the matter of equitable distribution. A court must then apply the § 401(d) factors to reach an *equitable* distribution." *LaBuda v. LaBuda, supra,* 349 Pa.Superior Ct. at 532, 503 A.2d at 975 (emphasis in original). An equitable distribution often will not be even. The essence of the concept is that after considering all the relevant factors, the court may deem just a division that awards one of the parties more than half, perhaps even the lion's share of the property. *Sergi v. Sergi, supra; Platek v. Platek,* 309 Pa.Super. 16, 454 A.2d 1059 (1982). In making its division, the lower court noted that appellee has the financial obligation of raising the children, he is burdened with the mortgage payments on the marital home, he must purchase necessary household appliances and kitchen furnishings, and appellant has no financial obligations and thus the opportunity to save money. We find appellant's first contention to be meritless.

■ Similarly, we are not persuaded by appellant's contention that because of the three to one disparity of the parties' incomes, the lower court should have awarded her counsel fees. Section 502 of the divorce code states that the court may, in proper cases, allow a spouse reasonable counsel fees and expenses. The lower court concluded that this was not such a case. It reasoned that despite the income disparity, given the distribution of property, appellant had more disposable monthly income than appellee, who had sufficient debt to dissipate all his income. Thus, the court held that each party would bear his or her own costs. We can see no abuse of discretion in the court's denial of counsel fees to appellant. *See Vajda v. Vajda, supra.*

Finding no issue among those raised to warrant reversal of the instant appeal, we affirm the judgment of the court below.

Judgment affirmed.