529 A.2d 1123

**David E. JOHNSON, Appellant,**

v.

**Pamela K. JOHNSON, Appellee.**

Superior Court of Pennsylvania.

Argued April 2, 1987.

Filed Aug. 10, 1987.

Petition for Allowance of Appeal Granted Jan. 19, 1988.

Richard J. Callahan, Williamsport, for appellant.

Gary T. Harris, Williamsport, for appellee.

Before WIEAND, BECK and CERCONE, JJ.

WIEAND, Judge:

David E. Johnson and Pamela K. Johnson were married on August 18, 1966, separated in August, 1983 and divorced on May 24, 1985. The divorce was bifurcated, and after a decree had been entered, hearings were held on the related economic claims. On March 19, 1986, the trial court entered a decree distributing fifty-five (55%) percent of the marital property, amounting to $609,435.75, to wife.[1] The balance of $498,629.59 was awarded to husband. The court also awarded wife counsel fees in the amount of five thousand ($5,000.00) dollars. Husband filed post-trial motions, which were denied. He then appealed.

In evaluating an equitable distribution scheme, our scope of review is limited. An appellate court will not reverse an order determining equitable distribution absent an abuse of discretion by the trial court. *Diamond v. Diamond,* 360 Pa.Super. 101, 105, 519 A.2d 1012, 1014 (1986); *Campbell v. Campbell,* 357 Pa.Super. 483, 489, 516 A.2d 363, 366 (1986); *Morschhauser v. Morschhauser,* 357

---

1. This amount was payable as follows:
 (1) The sum of $213,206.49, consisting of relatively liquid assets, was payable immediately;
 (2) Credit was given for $10,848.17 because of husband's assumption of notes payable; and
 (3) The balance of $385,381.09 was payable in equal monthly installments over a fifteen year period, with interest computed at the rate of ten (10%) percent per annum.

Pa.Super. 339, 346, 516 A.2d 10, 13 (1986); *Bold v. Bold,* 358 Pa.Super. 7, 10, 516 A.2d 741, 742 (1986); *Ganong v. Ganong,* 355 Pa.Super. 483, 490, 513 A.2d 1024, 1028 (1986); *Winters v. Winters,* 355 Pa.Super. 64, 69, 512 A.2d 1211, 1214 (1986); *Brown v. Brown,* 352 Pa.Super. 267, 270, 507 A.2d 1223, 1224 (1986); *LaBuda v. LaBuda,* 349 Pa.Super. 524, 528, 503 A.2d 971, 974 (1986).

> 'Under this standard, we do not usurp the hearing court's duty as factfinder. Rather, we apply the legislative guidelines of the Divorce Code to the record to determine whether or not the hearing court has abused its discretion.' *Barnhart v. Barnhart,* 343 Pa.Super. 234, 237, 494 A.2d 443, 444 (1985); *Semasek v. Semasek,* 331 Pa.Super. 1, 6, 479 A.2d 1047, 1050 (1984). 'An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.... However, an abuse of discretion will be found by this Court if the trial court failed to follow proper legal procedure or misapplied the law.' *Braderman v. Braderman,* 339 Pa.Super. 185, 190, 488 A.2d 613, 615 (1985).

*Sergi v. Sergi,* 351 Pa.Super. 588, 591, 506 A.2d 928, 930 (1986).

■ Three years prior to the marriage, husband purchased a flour and animal feed business known as Clintondale Mills for $24,000.00. The trial court found that at the time of separation in August, 1983, the value of the business had increased to $600,000.00.[2] The difference, or $576,000.00, was determined by the court to be marital property subject to equitable distribution. This was proper and in accord with this Court's decision in *Sergi v. Sergi, supra.* See: *Anthony v. Anthony,* 355 Pa.Super. 589, 595, 514 A.2d 91, 94 (1986).

Appellant contends, however, that the trial court committed an abuse of discretion when it gave no weight to "[t]he contribution ... of each party in the acquisition, preserva-

2. Wife's evidence was that the business at separation had a value of $725,000.00. Husband did not offer expert testimony regarding the value of the business, but his own testimony placed a value on the business of approximately $209,000.00.

tion, depreciation or appreciation of the marital property" as required by Section 401(d)(7) of the Divorce Code.[3] We disagree.

Section 401(d) directs that in fashioning a decree of equitable distribution, a hearing court shall consider all relevant factors, including the following:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training, or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

23 P.S. § 401(d). The record in the instant case discloses that the trial court considered and gave weight to the following: (1) that the marriage was of rather long duration; (2) that it was wife's first marriage but husband's second marriage;[4] (3) that the parties were the same age and in good health; (4) that both parties were protected by adequate medical and retirement benefits; (5) that wife had

3. 23 P.S. § 401(d). Act of April 2, 1980, P.L. 63, No. 26, § 401, effective July 1, 1980.

4. Husband's first wife, together with his children, had been killed in an automobile accident.

supported husband with her earnings during the early years of the marriage; (6) that wife had contributed to the accumulation of marital assets as wife and homemaker; (7) that wife's income as an elementary school teacher was approximately $23,000.00 per year and was not likely to be increased substantially in future years; (8) that husband was self-employed as the owner of Clintondale Mills and, although then drawing a salary of $24,000.00 per year, enjoyed a greater potential than wife for increased earnings and the accumulation of assets; (9) that the parties had enjoyed an upper middle class lifestyle; and (10) that wife required a greater share of marital assets in order to continue to enjoy the lifestyle to which she had become accustomed.

The evidence showed that Clintondale Mills, which had been purchased by husband prior to marriage, was incorporated on November 1, 1978. All stock was thereafter held in husband's name; he alone managed the business as president of the corporation. Although wife became the nominal secretary/treasurer of the corporation, the evidence is clear that she did not participate actively in the business or in the regular conduct of corporate affairs, nor was she paid a salary. Because of husband's business acumen and hard work, Clintondale Mills prospered and expanded. As a result, the marital assets also grew in value, and the parties achieved a comfortable lifestyle. The trial court, although it took husband's contribution to the growth of the business into consideration, concluded that "no weight [should] be given to either party in this regard." It is this statement, appearing at page 11 of the trial court's opinion, which the husband-appellant assigns as error.

Section 401(d)(7) requires only that a hearing court be aware of and consider the contribution of each party to the "acquisition, preservation, depreciation or appreciation" of marital property. The "weight" to be given to this consideration, as well as all other considerations, is to be determined primarily in the discretion of the trial court. See: *Sergi v. Sergi, supra* 351 Pa.Super. at 600, 506 A.2d at 934.

In the instant case, the trial court did consider husband's contribution to the acquisition and appreciation of the marital property but concluded that this fact alone was entitled to no weight. Perhaps, as the author of the concurring opinion concludes, the trial court set off wife's contribution as a homemaker against husband's contribution in enhancing the value of the business. Although we may have assigned greater significance to husband's contribution to the business than did the trial court, it cannot be said that the trial court's consideration of this factor was an abuse of discretion.

 In determining the propriety of an award of counsel fees, we also utilize an abuse of discretion standard of review. *Miller v. Miller*, 352 Pa.Super. 432, 443, 508 A.2d 550, 556 (1986); *Pangallo v. Pangallo*, 329 Pa.Super. 25, 31, 477 A.2d 885, 888 (1984); *Prozzoly v. Prozzoly*, 327 Pa.Super. 326, 331, 475 A.2d 820, 823 (1984); *Ruth v. Ruth*, 316 Pa.Super. 282, 285, 462 A.2d 1351, 1352–1353 (1983). However, counsel fees are not awarded to either spouse automatically. *Diamond v. Diamond, supra,* 360 Pa.Superior Ct. at 116, 519 A.2d at 1019. "Actual need must be shown in order to justify an award." *Dech v. Dech*, 342 Pa.Super. 17, 23, 492 A.2d 41, 44 (1985), citing *Hoover v. Hoover*, 288 Pa.Super. 159, 161–162, 431 A.2d 337, 338 (1981). Counsel fees are appropriate when necessary to put the parties "on a par" in defending their rights or in allowing a dependent spouse to maintain or defend an action for divorce. See: *Miller v. Miller, supra* 352 Pa.Super. at 442, 508 A.2d at 556; *Dech v. Dech, supra; Young v. Young*, 274 Pa.Super. 298, 302, 418 A.2d 415, 417 (1980).

 The record in the instant case fails to disclose any facts to support a finding that an award of counsel fees to wife was necessary to enable her to achieve "par" in protecting her rights in this action. Her counsel fees were in the amount of $16,518.21. She incurred additional expense in the amount of $27,435.20, which was attributable to the hiring of accountants, appraisers and expert witnesses. A request for interim counsel fees was denied during

the pendency of the proceedings, and wife thereafter paid the sum of eight thousand ($8,000.00) dollars on account. She subsequently paid an additional sum of eight thousand ($8,000.00) dollars from marital assets. Wife is steadily employed at an annual salary of $23,000.00 and receives, in addition, rental income of one thousand ($1,000.00) dollars per month ($12,000.00 per year). Finally, she will receive $213,206.49 in relatively liquid assets under the decree of equitable distribution, plus annual payments of approximately sixty thousand ($60,000.00) dollars per year for fifteen years. Under these circumstances, wife failed to establish any need for her husband to contribute to the payment of her counsel fees. To award counsel fees when no need existed was an abuse of discretion. Cf. *Vajda v. Vajda*, 337 Pa.Super. 573, 487 A.2d 409 (1985).

The order of the trial court is modified by eliminating therefrom the award of counsel fees. As so modified, the order determining economic rights is affirmed.

BECK, J., filed a concurring opinion.

BECK, Judge, concurring:

I concur in the result.

The majority finds that the trial court considered husband's contribution to the acquisition and appreciation of the marital property and concluded that this fact alone was not entitled to weight. I disagree with the majority's analysis. The trial court opinion indicates that it considered the husband's contribution to enhancing the value of the business and then balanced it against the wife's contribution as a homemaker:

> In considering the contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, the Court finds no particular weight to be given to either party in this regard. Defendant's role in contributing as a homemaker and spouse is something that has previously been considered. Plaintiff's role in enhancing the value of the

business and its operations through his efforts and skills is also being taken into account.

Trial Court Opinion at 11–12.

The court, in balancing each party's contribution to the marriage, concluded they were equal, and therefore offset each other. The fact that the husband concentrated his efforts on building the business and that the wife concentrated hers on maintaining the home does not entitle the husband to a greater share of the value of the business than the court awarded him. Each party to a marriage contributes to that enterprise in accordance with his or her ability and in accordance with the couple's expectations. The gains attributable to the party who is responsible for economic growth are usually tangible. The gains attributable to the party who is responsible for maintaining the home are usually intangible. Just because the gains are intangible they should not be undervalued. Both parties benefit from the efforts of the spouse who maintains a home. The value of that labor must be recognized and translated into monetary value at the time the marriage is dissolved.

The majority's opinion might lead to the erroneous conclusion that a trial court need not give weight to each factor in section 401(d) of the Divorce Code, Pa.Stat.Ann. tit. 23, § 401(d) (Purdon Supp.1987), even though that factor may be significant in evaluating the distribution of the marital estate. Such a conclusion would be contrary to legislative intent. Section 401(d) directs the trial court to consider all relevant factors. I conclude the statute means the court must give weight to each relevant factor. For example, if the factor under consideration was a 35–year marriage, during which time the parties lived together, a court in all likelihood would abuse its discretion if it recognized the length of the marriage but gave it no weight. In the instant case, the court properly considered the wife's contribution as a homemaker under sections 401(d)(4) and 401(d)(7) and the husband's as a businessman under 401(d)(7) and concluded their contributions were equal. It

also considered the fact that the husband's future earning power was greater than the wife's. Section 401(d)(3) [1]. I disagree with the majority's interpretation that the court afforded no weight to the husband's contribution.

Section 401(d) provides the necessary flexibility for the court to consider the relevant 401(d) factors separately and in relation to each other so as to accomplish economic justice. *See Sergi v. Sergi*, 351 Pa.Super. 588, 506 A.2d 928 (1986). The legislative mandate requires that the court consider and give weight to all relevant factors.

2

The majority opinion reverses the trial court's award to the wife of five thousand dollars ($5000) in counsel fees and expenses. The court found the wife's counsel fees and expenses amounted to approximately thirty-three thousand dollars ($33,000). I find the majority's analysis which bases such an award on need alone over-simplified, and I disagree that need is the only criterion that the trial court is permitted to consider. I, however, agree with the majority's conclusion that attorneys' fees and expenses were not proper in this case.

The record reveals the history of wife's claims for legal fees and expenses. She initially petitioned the court for interim counsel fees which the court denied.

The court stated:

It is difficult to escape the conclusion that Defendant [wife] is not occupying the typical posture of indigency which is present in many divorce cases. Her weekly income is substantial and despite the extraordinary expenses she has incurred since the separation ..., she has

---

**1.** The relevant factors in section 401(d), 23 Pa.Stat.Ann. tit. 23, § 401(d) (Purdon Supp.1987) are:

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training, or increased earning power of the other party.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

still been able to accumulate cash assets.... Under all of these circumstances, it is difficult for the Court to conclude that Defendant is at any significant disadvantage with the Plaintiff in defending this action and preparing for the issue of equitable distribution of property....

Although the court denied the wife's petition for interim counsel fees and expenses, the trial court advanced a convincing rationale for awarding interim fees in a proper case. "[I]f it were determined later that the wife was not entitled to such fees, the Court would make an adjustment against her share of marital property based upon the overall disposition of the parties' assets as part of its equitable distribution scheme." *Ibid.* Because the court is in the position of making adjustments at the time of final disposition for any interim fees it may award, the court should liberally award such fees. The court should protect the less affluent spouse and place him or her in a position to secure competent representation. The spouse may have difficulty in securing such representation if courts do not liberally grant interim counsel fees and expenses.[2] If the less affluent spouse is unable to make periodic payments from his or her own resources to an attorney and if there is little likelihood that interim counsel fees will be awarded, such a spouse may be deprived of adequate representation. Many attorneys and expert witnesses cannot afford to forego their fees for the several years that it takes to resolve the dispute between the parties. An interim award which can then be adjusted at final settlement is the sensible solution to this difficult problem.

Here, however, the court's denial of interim counsel fees was proper. The wife's income from her teaching position as well as rental property was substantial and sufficient so

2. Whereas an interim award for attorneys' fees and expenses should often be encouraged, an interim award for costs is not proper under the Divorce Code. Pa.Stat.Ann. tit. 23, § 401(b). Costs include all court costs, including masters' fees and stenographic charges. Pa.R. Civ.P. 1920.62. *See McNulty v. McNulty,* 347 Pa.Super. 363, 500 A.2d 876 (1985).

that she could bear the cost of interim counsel fees and expenses. Furthermore, the record reveals no equities which would entitle her to interim counsel fees and expenses.

In its subsequent final order, the trial court awarded the wife counsel fees and expenses. In doing so, the court considered the wife's testimony that she consumed her savings to pay retainer fees for her expert witnesses. She also stated her total savings at the time of the equitable distribution hearing was $600, and her income was derived solely from her salary as a teacher and from rental property. N.T. 7/17/85 at 112–13. The trial court's award to the wife was based in part on wife's argument that she bore complete responsibility and substantial expenses for securing experts who testified to the valuation of the parties' assets whereas husband presented little other than his own testimony regarding valuation of these assets. Thus the trial court awarded wife $5000 in partial attorney's fees and expenses based on a rationale of general equity principles.

Parties to litigation usually pay their own costs and attorneys' fees. The general rule is subject to a few exceptions. For example, a court may grant a request for fees and costs when authorized by statute or when the defeated party acted in bad faith. *See e.g. Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 92 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In sections 401(b) and 502[3], The Pennsylvania Divorce Code provides that the court may require one spouse to pay for the other's attor-

---

**3.** Pa.Stat.Ann. tit. 23, §§ 401, 502 (Purdon Supp.1987):

**§ 401. Decree of court**

The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own costs, or may order that costs be divided equitably as it shall appear just and reasonable.

§ 502. Alimony pendente lite, counsel fees and expenses

The court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses.

ney's fees, costs and expenses. Neither section limits the court's discretion in determining the appropriateness of an award of reasonable attorneys' fees and expenses. Neither section requires that counsel fees and expenses be limited to those situations where the petitioning party proves need. Perlberger states that the grant of counsel fees and costs is dependent on the equities. N. Perlberger, *Pennsylvania Divorce Code* § 7.14 (1980). Such a standard is preferable and I would adopt it.

In awarding counsel fees and expenses, the law has developed in two directions. The first direction requires the petitioning spouse to show the award is necessary to maintain and to defend the divorce action. These cases require the petitioning spouse to show actual need of an award in order to achieve "par" in protecting the spouse's rights in the divorce action. *Ganong v. Ganong,* 355 Pa.Super. 483, 513 A.2d 1024 (1986), *Miller v. Miller,* 352 Pa.Super. 432, 508 A.2d 550 (1986), *Vajda v. Vajda,* 337 Pa.Super. 573, 487 A.2d 409 (1985), *Hoover v. Hoover,* 288 Pa.Super. 159, 431 A.2d 337 (1981), *Wiegand v. Wiegand,* 242 Pa.Super. 170, 363 A.2d 1215 (1976), *Moore v. Moore,* 198 Pa.Super. 349, 181 A.2d 714 (1962).

Another direction, less prevalent in our case law but nonetheless strong, permits an award of counsel fees, expenses and costs, based on equitable considerations:

The determination to award counsel fees is made on a case-by-case basis after an analysis of all relevant factors including the "husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties.... The statute contemplates ... the administration of fair and impartial justice by placing the parties on a par in defending their rights." *Jack v. Jack,* 253 Pa.Super. 538, 545–46, 385 A.2d 469, 473 (1978); *Fried v. Fried,* 326 Pa.Super. 271, 473 A.2d 1087 (1984) [quashed for lack of jurisdiction, 509 Pa. 89, 501 A.2d 211 (1985) ].

*Dech v. Dech,* 342 Pa.Super. 17, 492 A.2d 41 (1985). *See Benson v. Benson,* 357 Pa.Super. 166, 515 A.2d 917 (1986)

(no abuse of discretion when trial court concludes that neither the economic situation of either party nor the equities of the case supported an award of counsel fees.)

In Pennsylvania one line of cases focuses on financial need alone, and the other focuses on all relevant factors. Permitting the court to focus on all relevant factors is the preferable approach. If one spouse's action or inaction significantly raises legal fees or costs for the other unnecessarily, is it equitable for the second spouse to bear the added burden even if such spouse can afford it? If one spouse presents little or no testimony on valuation and the second spouse at his or her own expense provides the court with expert testimony relating to valuation, is it equitable for the second spouse to bear the entire expense of the experts even if he or she can afford it?

I note that other jurisdictions grant the trial court equitable powers to make awards without limiting consideration to the relative financial positions of the parties. For example in Missouri, the divorce statute provides that the court may consider all relevant factors rather than just the financial resources, thereby allowing the court considerable discretion. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918–19 (Mo. 1979), *Gaddis v. Gaddis*, 632 S.W.2d 326 (Mo.App.1982).

By judicial decision, Connecticut has also granted the trial court broad discretion. The Connecticut Supreme Court specifically held that:

> "in the exercise of a trial court's discretion regarding an award of counsel fees, 'the availability of "sufficient cash" to pay one's attorney's fees is not an absolute litmus test.... [A] trial court's discretion should be guided so that its decision regarding attorney's fees does not undermine its purpose in making any other financial award.' ... Taking into account the totality of the circumstances reflected in the financial awards as a whole, we cannot find that the trial court abused its discretion and acted unreasonably in granting the [plaintiff's] request for counsel fees. Although the alimony awarded to the [plaintiff] provided her with liquid assets, the trial

court could reasonably have concluded that it wanted to preserve those assets for the [plaintiff's] use without the burden of the contested ... attorney's fees.

*Palazzo v. Palazzo,* 9 Conn.App. 486, 490, 519 A.2d 1230, 1232 (1987) (citations omitted).

The District of Columbia courts, in the face of a restrictive statute which provides that the courts may, "require the husband or wife to pay ... suit money, including counsel fees, to enable such other spouse to conduct the case, whether as the plaintiff or the defendant" D.C.Code § 16–911(a)(1) (1981), have granted the trial court broad discretion. In the District of Columbia there are several factors to be weighed:

> In deciding whether to award a fee, it is proper for the court to consider whether the litigation has been oppressive or burdensome to the party seeking the award.... The judge may also examine the motivation and behavior of the litigating parties.... However, these factors are properly used only in coming to a determination of whether any award shall be made; once the threshold is crossed, these preliminary factors may play no role in deciding the amount of the fee to be awarded.... In setting the amount, among the factors the court should consider are the quality and nature of the services performed, the necessity for the services, and the results obtained from the services, and the financial ability of the spouse being ordered to pay.

*Steadman v. Steadman,* 514 A.2d 1196, 1200 (D.C.1986) (citations omitted). In its equitable considerations, the District of Columbia courts consider a variety of factors to determine the award of counsel fees and costs. The court determines the amount of the award independent of the petitioning spouse's financial condition.

In the case sub judice the trial court's award of attorneys' fees and expenses to the wife was based on the equities in the case. The trial court specifically relied on the fact that the wife bore complete responsibility to secure experts on valuation. The court noted that $8000 out of a total $33,000

for reasonable counsel fees and expenses for wife have already been paid out of husband's share of the equitable distribution. The wife has received a substantial proportion of the marital estate pursuant to equitable distribution. The court's equity rationale therefore does not support the grant of $5000 to her. The wife has already derived enormous benefit from her expert witnesses. As a result of their testimony, the trial court placed a higher valuation on the family business than husband testified to. Therefore, although I would normally accord deference to the trial court where its decision is on equitable considerations rather than financial need alone, I do not do so in the case sub judice. I agree with the majority that the trial court abused its discretion in awarding partial attorneys' fees and expenses to the wife in the light of the amount already paid out to her from the marital estate, the size of the distribution to her, and the benefit she derived from the experts she provided.