516 A.2d 741

**Thomas C. BOLD, Jr., Appellant,**

**v.**

**Joan M. BOLD.**

**Thomas C. BOLD, Jr.**

**v.**

**Joan M. BOLD, Appellant.**

Superior Court of Pennsylvania.

Argued March 24, 1986.

Filed Oct. 9, 1986.

John R. Banke, Pittsburgh, for appellant in No. 809 and for appellee in No. 853.

John M. O'Connell, Jr., Greensburg, for appellant in No. 853 and for appellee in No. 809.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This matter comes to us on appeal by Thomas C. Bold (husband), and on cross appeal by Joan M. Bold (wife). Both parties are appealing from the trial court's order of equitable distribution in this bifurcated action in which a divorce decree has already been granted.

Husband and wife were married on May 16, 1964. They are the parents of one child, Theresa, whom they adopted on August 14, 1970. The parents separated on or about April 21, 1980, and Theresa remained with her father. On May 9, 1980, wife filed a complaint in divorce which was subsequently dismissed upon the recommendation of a master. By an order dated February 18, 1981, the court awarded the custody of Theresa to husband.

The present action began on April 14, 1983 when husband filed for divorce and equitable distribution on the grounds of adultery. Wife filed an answer denying the adultery and counterclaimed for a no-fault divorce, counsel fees, expenses, and alimony *pendente lite*. The action was bifur-

cated and the court entered a divorce decree on August 16, 1984. The court appointed a master on October 25, 1983, who conducted hearings on claims for equitable distribution, counsel fees, expenses, and alimony *pendente lite* on November 21, 1983, January 5, 1984, and February 17, 1984. The master filed a report on September 5, 1984, to which husband filed timely exceptions. The trial court *en banc* sustained some of husband's exceptions and denied others. Husband appeals from the order of the trial court *en banc* insofar as it denies his exceptions, and wife cross appeals from the order of the trial court *en banc* insofar as it sustains Thomas's exceptions.

"An appellate court will reverse an order determining equitable distribution of marital property only for an abuse of discretion by the trial court." *Baraff v. Baraff,* 338 Pa.Super. 203, 210, 487 A.2d 925, 929 (1985). "Under this standard, we do not usurp the hearing court's duty as fact finder. Rather, we apply the legislative guidelines of the Divorce Code to the record to determine whether or not the hearing court has abused its discretion." *Barnhart v. Barnhart,* 343 Pa.Super. 234, 237, 494 A.2d 443, 444 (1985), *quoting Semasek v. Semasek,* 331 Pa.Super. 1, 6, 479 A.2d 1047, 1050 (1984). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.... However, an abuse of discretion will be found by this Court if the trial court failed to follow proper legal procedure or misapplied the law." *Braderman v. Braderman,* 339 Pa.Super. 185, 190–91, 488 A.2d 613, 615 (1985).

## I. *Appeal at 809 Pittsburgh 1985*

We will first consider the three issues raised by husband: whether the trial court abused its discretion in failing to award the marital residence to husband, the custodial parent; whether the trial court abused its discretion in failing to consider the needs and economic circumstances of husband as a custodial parent; and, whether the trial court abused its discretion in failing to properly value and equita-

bly distribute the parties' marital assets—specifically furniture and husband's pension.

■ We have reviewed the record and accorded due consideration to the arguments presented by husband in support of the questions raised. Regarding the first question, husband argues, wholly apart from economic considerations, that the trial court abused its discretion in failing to consider whether the sale of the marital home would disrupt the life of his minor daughter. However, husband did not, in his numerous exceptions to the master's report, allege any error by the master in failing to consider the *disruption* of the daughter's life in the equitable distribution of the marital home.[1] In addition, husband did not place any evidence on the record to prove that his daughter's life will be disrupted. The trial court *en banc* "agree[d] with the Master's recommended plan of distribution with regard to this asset...."[2] Failure to take exception to a master's finding which is affirmed by the trial court is fatal to the preservation of the issue. *Chaney v. Chaney*, 343 Pa.Super. 77, 493 A.2d 1382 (1985).

■ Next, husband questions "Whether the Court abused its discretion in failing to consider the needs and economic circumstances of the Husband as a custodial parent." In support of this claim of abuse of discretion, husband argues that in addition to the compensation available to a custodial parent through child support, compensation for the custodial parent should be considered when marital assets are equitably distributed. We find no merit in this argument. As the trial court *en banc* commented, "the custody of minor children should not be considered in equitable distribution of property because the needs of the custodial parent relative to said child can be addressed in the support pro-

1. Husband's exception number twenty-six takes exception to "the master's failure to consider the standard of living of the parties and the minor child...." This exception does not make note of social or psychological disruption in the minor daughter's life. As such, it remains simply an economic question concerning equitable distribution of property.

2. Opinion of the trial court *en banc*, May 28, 1985, at 4.

ceedings." [3] The considerations which the trial court must make, as delineated in 23 P.S. § 401(d), do not include considering custody of children. In addition, husband has not cited any authority in this jurisdiction which so interprets the divorce code or recognizes such a consideration outside of support. The trial court did not commit an error of law nor abuse its discretion in finding that he was not entitled to additional equitable consideration due to his needs as a custodial parent.

■ Husband's final issue is "Whether the Court abused its discretion in failing to properly value and equitably distribute the parties' marital assets." First, husband argues that the value assigned to the furniture was too high. The trial court dealt with this issue in its opinion of May 28, 1985. Neither party placed any evidence on the record other than their own opinion testimony. As such, the master was forced to make a finding based solely on the credibility of that testimony.

> [A]lthough the findings of fact and the recommendations of the Master are usually considered as only advisory, an exception is made where the issue is one of credibility and the master is the one who heard and observed the witnesses. In that situation, the findings of the master should be given the fullest consideration.

*Mintz v. Mintz*, 258 Pa.Super. 187, 191, 392 A.2d 747, 749 (1978) (citations omitted); *see Lasco v. Lasco*, 311 Pa.Super. 210, 457 A.2d 569 (1983), *Hargrove v. Hargrove*, 252 Pa.Super. 120, 381 A.2d 143 (1977), and *Ryave v. Ryave*, 249 Pa.Super. 78, 375 A.2d 766 (1977). The master, based on a credibility determination of the testimonial evidence presented by husband and wife, found the value of the furniture to be closer to husband's suggested value than to wife's. The trial court deferred to the master's determination as being the proper province of the tribunal witnessing the crucial testimony. Thus, based on the record presented, the trial court did not abuse its discretion or commit an

3. Opinion of the trial court *en banc,* May 28, 1985, at 10.

error of law in affirming the master's valuation of the furniture.

■ Next, husband argues "that the trial court has abused its discretion in failing to fully consider the speculative nature of the Husband's pension, and in assigning a value in an arbitrary and capricious manner." A review of the record shows that during the master's hearings, husband provided documents and personal testimony as to the value of his pension. This evidence was no more than dollar figures upon which further calculation was necessary to actually evaluate the pension. Husband presented no such further calculation. In addition, husband has not specifically demonstrated any such calculations in his exceptions or issues on appeal.

On the other hand, wife presented expert testimony from an economist who did make calculations which he was qualified to do. These calculations go beyond the basic figures presented by husband, and provide the court with a workable present value of the pension. Husband was permitted to cross-examine the expert, and has not, at the hearings, through exceptions, or on appeal, shown specifically where these calculations are erroneous. Thus, the trial court did not err in accepting the master's recommendation based on the essentially uncontradicted testimony of the expert witness. Husband has thus failed to present any issue of merit.

## II. Appeal at 853 Pittsburgh 1985

Wife raises two issues in her cross appeal: did the trial court err in valuing the real estate as of the date of the master's hearing rather than as of the date of separation of the parties and did the trial court err in finding that her $15,000 inheritance was marital property.

A panel of the Superior Court recently addressed the issue concerning the date of valuation of the marital home for purposes of equitable distribution in the case of *Sergi v. Sergi*, 351 Pa.Super. 588, 506 A.2d 928 (1986). Although the opinion in *Sergi, supra,* was filed after the trial court's

opinion in the case at hand, the trial court's disposition of the matter is consistent with the considerations which the *Sergi* decision requires:

[T]he drafters of the Divorce Code have provided that the parties are to submit to the court an initial valuation of their property at the time the action is commenced. To mandate that a trial court be limited to effecting an equitable distribution based only on this valuation information could result in a distribution based on stale financial data. This would hardly be in keeping with the overall declared policy of the Commonwealth which is to: "(e)ffectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability of the parties and *insure a fair and just determination and settlement of their property rights.*" 23 P.S. § 102(a)(6) emphasis added.

Likewise, to require a trial court to value property as of the date of separation may also result in the use of stale financial data and subsequent inequitable distribution of marital property.

\* \* \* \* \* \*

Failure to permit a trial court to value marital property at the time of separation could result in allowing a spouse to reduce the value of marital property through unbridled consumption.

\* \* \* \* \* \*

[W]e do not at this time attempt to establish a valuation to be used in every situation. To recognize a specific valuation date as a matter of law would deprive the trial court of the necessary discretion required to effectuate economic justice.

*Sergi v. Sergi*, 351 Pa.Super. 588, 592–96, 506 A.2d 928, 931–32 (1986).

 ■ The Court in *Sergi* then progressed to equitably weigh the potential valuation dates. In the present case, we note that the trial court performed exactly the same process of considering the equities of the potential valuation

dates. On pages eighteen through nineteen of its May 28, 1985 opinion, the trial court *en banc* stated:

The record is clear that [wife] submitted an appraisal of Kenneth Gehr, performed in 1981, valuing the property at $49,000.00, and [husband's] submitted an appraisal performed immediately prior to the hearing in 1984 by John Paul Levinson, showing the value of the property to be $40,000.00.... It is the opinion of this Court that the more credible appraisal introduced into evidence was that produced by [husband] because it is based upon an appraisal made one day prior to the Master's hearing as opposed to [wife's] appraisal, which was nearly 3 years old at the time of the Master's hearing.... Therefore it is the opinion of this Court that the appraisal of John Paul Levinson is the more credible evidence regarding the value of the jointly owned real estate, and this Court finds that the value of the jointly owned real estate is $40,000.00.

No evidence was placed on the record indicating that the difference in appraisals was due to intentional consumption or waste on the part of husband, who was occupying the house during the period between separation and the master's hearings. In fact, there was testimony that he continued to improve the house during that time. (N.T. January 5, 1984, at 16, 25.) Therefore, the trial court did not err in finding the proper date of valuation of the marital house to have been the date closest to the master's hearing, rather than the date of separation.

In arguing that the trial court erred in finding that her $15,000 inheritance was marital property, wife attempts to distinguish two cases, *Madden v. Madden,* 336 Pa.Super. 562, 486 A.2d 401 (1985), and *Estep v. Estep,* 326 Pa.Super. 404, 474 A.2d 302 (1984). In distinguishing the two, she suggests that the case at hand is more similar to *Estep, Id.* Whether the cases can be distinguished and whether *Estep* was more similar have become moot questions because the Pennsylvania Supreme Court reversed the Superior Court's decision in *Estep* on November 13, 1985. *See Estep v.*

*Estep,* 508 Pa. 623, 500 A.2d 418 (1985). Because this decision by the Supreme Court came after the trial court's opinion was written, the trial court was not able to apply the Supreme Court's holding to wife's argument. Nevertheless, the reasoning applied by the trial court, employing *Madden, supra,* creates a proper result.

In *Madden,* the husband acquired savings bonds as a gift from his mother. However, he cashed the bonds in and purchased new bonds in his *and* his wife's names. That act changed the status of the bonds to marital property, subject to equitable distribution. Wife argues that the $15,000 in question is an inheritance which is excepted from marital property for purposes of equitable distribution under 23 P.S. § 401(e)(3). However, just as with the husband in *Madden,* wife changed this excepted status to marital property status when she placed the inherited funds into a joint account with her husband. Thus, the trial court did not err in finding the $15,000 to be marital property subject to equitable distribution.

Neither party has proven any abuse of discretion or error of law to have been committed by the trial court. Therefore, we affirm the trial court's plan of equitable distribution of the property.

Order affirmed.