J-A16003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| APRIL G. NALLY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL NALLY | : | |
| | : | |
| Appellant | : | No. 163 EDA 2022 |

Appeal from the Decree Entered December 29, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
1999-63254

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:               **FILED OCTOBER 12, 2022**

Michael Nally ("Husband") appeals from the divorce decree and equitable distribution order entered by the Court of Common Pleas of Bucks County. Husband challenges the trial court's decision to include the marital residence in equitable distribution. We affirm.

The facts underlying this case are well known to the parties. By way of background, Husband and April G. Nally ("Wife") were married in 1997 and have three children. Husband earns a gross income of approximately $80,000 a year as a driller and Wife earns $17 per hour as a customer service representative. Husband provides medical insurance for Wife and the parties' children through his employment.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Wife filed for divorce in November of 2018 after more than 21 years of marriage. After the parties participated in an equitable distribution conference before a master in August 2021, the trial court conducted a *de novo* hearing on November 9, 2021. At the hearing, it was established that in 1999 Husband's father ("Father") bought a home in Bensalem, Pa ("Property"), which he titled in his and Husband's name as joint tenants with the right of survivorship. Husband and Wife selected the home themselves, two years into the marriage, for themselves and their children. Husband testified that although he was not on the best of terms with Father, Father wanted the couple out of their "run down" apartment. But apart from paying the purchase price of $176,500.00, Father did not have anything else to do with the Property. The parties and their children moved into the residence right after it was purchased, and lived there for most of their 21-year marriage. The couple maintained the residence themselves. Initially, Husband testified that Father intended to purchase the property solely for Husband, but the court found that testimony to be incredible. *See* Tr. Ct. Op., 12/23/21 at 7 n.7.

Father passed away in December 2003, and Husband inherited Father's share of the Property pursuant to the deed. Husband took out a $114,000 loan secured by the Property, in 2004, to pay inheritance taxes. Husband also received $400,000 from Father's 401K, which was treated by the parties as marital property by using it to pay for household bills, the mortgage, a car, and vacations.

Following the hearing, the trial court entered a divorce decree and order on December 29, 2021, which among other things, fashioned a 55%-45% equitable distribution in favor of Wife and ordered Husband to pay Wife alimony for four years. Most significantly here, the court found that the Property constituted marital property subject to equitable distribution between the parties. Husband filed the instant timely appeal and both Husband and the court complied with Pa.R.A.P. 1925.

Husband raises the following issues:

1) Did the trial court err in finding that the residence [Father] purchased during the marriage and titled in the name of [Father] and Husband as joint tenants with the right of survivorship was a gift to Husband and Wife where:

   A. The gift and conveyance was controlled by the Statute of Frauds and the language of the Deed is specific that the property was transferred and titled to [Father] and Husband as joint tenants with the right of survivorship.

   B. Where the trial court justified its determination that the transfer of the residence to [Father] and Husband as joint tenants with the right of survivorship was a gift to Husband and Wife with parol evidence where the Deed was specific in violation of the parol evidence rule in Statute of Frauds.

   C. Where the trial court failed to give effect to the specific language in the deed that transferred the property to [Father] and Husband as joint tenants with the right of survivorship.

   D. Where the trial court erred in failing to consider that [Father] was himself divorced and knew the effect of conveying the property to himself and Husband as joint tenants with the right of survivorship.

   E. The trial court erred in failing to find that the presumption that the property was marital property was overcome where it is undisputed that the property was acquired by gift from [Father],

- 3 -

being transferred by way of a Deed, being one-half interest acquired by Deed dated April 30, 1999 and the remaining one-half interest upon the death of [Father] in 2003.

Husband's Br. at 4-5.

All five subparts of Husband's issue on appeal concern the same overarching contention that the trial court erred by concluding that the Property constituted martial property for purposes of equitable distribution. In his first two sub-issues, which we address in tandem, Husband claims that the trial court erred by considering any evidence beyond the clear language of the deed. First, he argues that the statute of frauds precluded the conclusion that the Property constituted marital property. The deed only listed Father and Husband as the owners initially, and after Father's death only Husband. Thus, Husband argues that because the deed language is clear and not ambiguous as to ownership of the Property, the court should not have considered any parol evidence to the contrary.

We begin with our standard of review:

We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. We will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. . . . If we fail to find an abuse of discretion, the order must stand. [I]t is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence.

**Conner v. Conner**, 217 A.3d 301, 309 (Pa.Super. 2019) (citations and quotation marks omitted).

Guiding our decision here is the rule that "[w]hether the interest is marital property or separate property for purposes of distribution of the marital estate is a matter within the sound discretion of the trial court." *Perlberger v. Perlberger*, 626 A.2d 1186, 1196 (Pa.Super. 1993). "The trial court's findings of fact, if supported by credible evidence, are binding upon a reviewing court and will be followed." *Id.*

The statutory definition of "marital property" has been drawn broadly to encompass "all property acquired by either party during the marriage and the increase in value of any nonmarital property." 23 Pa.C.S.A. § 3501(a). Thus, there is a presumption that all property acquired by either party during the marriage is marital property "regardless of whether title is held individually or by the parties in some form of co-ownership such as joint-tenancy, tenancy in common or tenancy by the entirety." 23 Pa.C.S.A. § 3501(b). Title alone is not dispositive. For example, in *Fitzpatrick v. Fitzpatrick*, 547 A.2d 362 (Pa.Super. 1988), we held that a car titled in a corporate name constituted marital property because it "was available to both parties, and/or placed in a position where both have use or enjoyment of the property." *Id.* at 367. We explained that "bare title may not be used as a shield to protect for the benefit of one party that which in reality belongs to the marriage." *Id.*

However, "[p]roperty acquired by gift, . . . bequest, devise or descent" is by statute not marital property. 23 Pa.C.S.A. § 3501(a)(3). Nevertheless, even such precluded property, including inherited property, may be considered marital property depending upon how the parties treat it. *See Bold*

- 5 -

*v. Bold*, 516 A.2d 741, 745 (Pa.Super. 1986) (inheritance considered marital property when it is comingled in a joint account).

In his first and second issue, Husband raises the statue of frauds[1] and the parol evidence rule[2] in general without discussing the statutory framework of the Divorce Code and the statutory definition of marital property. Thus, Husband's preliminary issues are thinly developed, and we find them unavailing. Regardless of the names on the deed, the trial court was within the bounds of its discretion to determine that the Property was marital property, considering the circumstances of the parties' acquisition of the Property and due to the parties' joint use of it. *See* 23 Pa.C.S.A. § 3501(a) & (b); *Fitzpatrick*, 547 A.2d at 367.

As emphasized by the trial court, the parties selected the Property together and lived on the Property for almost the entirety of their 21-year marriage. *See Bold*, 516 A.2d at 741. Hence, the court found that the timing of the acquisition of the property, right before the parties moved in, along with

---

[1] *See* 33 P.S. § 1 (providing that "no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law").

[2] Husband cites *Lenzi v. Hahnemann University*, 664 A.2d 1375, 1379 (Pa.Super. 1995) (Under the parol evidence rule, neither oral testimony nor prior written agreements or other writings are admissible to explain or vary the terms of a written contract that is unambiguous and held to express the embodiment of all negotiations and agreements prior to execution).

their long-term joint use of the Property weighed in favor of considering the Property marital. **See id.** Thus, Husband's argument that the trial court abused its discretion by determining that the Property constituted marital property solely because Wife's name does not appear on the deed is devoid of merit. Hence, Husband's first and second issues must fail.

Husband's third, fourth, and fifth sub-issues each concerns Husband's contention that the trial court abused its discretion by finding that Father intended to give the Property to both Husband and Wife, and not just to Husband as reflected on the deed. Husband argues that the couple made no substantial improvements to the property and the deed language showed Father's intention to give the property only to Husband. To this end, Husband points to his own testimony at the November 2021 hearing where he explained that Father had been divorced himself and therefore was likely trying to protect Husband in the event of a divorce, as evidenced by the deed. Husband also points out that at the time of his separation from Wife, he remained in the home, not Wife, as Father intended. Husband claims that the court erred by failing to conclude that he overcame the presumption that property acquired during the marriage is marital property when the Property's deed established that Father intended to give the property only to him. According to Husband, if Wife is entitled to anything at all in regard to the Property, it is at most the Property's appreciation over the course of the marriage.

A valid *inter vivos* gift exists if two elements are shown: "(1) an intention to make an immediate gift, and (2) such actual or constructive delivery to the

donee as will divest the donor of dominion and control of the subject matter of the gift." ***See Ashley v. Ashley***, 393 A.2d 637, 639 (Pa. 1978). "[I]t is the time, rather than the method, of property acquisition that determines if an item of property constitutes marital property[.]" ***Anthony v. Anthony***, 514 A.2d 91, 92-93 (Pa.Super. 1986) (*en banc*).

Here, the trial court concluded that the facts and circumstances surrounding the parties' acquisition and use of the Property indicate that Father intended to gift the Property to both Husband and Wife. This was not an abuse of discretion. Husband admitted in his testimony that Father initially purchased the Property so Husband and his family would have a suitable place to live. Further, the court was well within its purview when finding Husband's contradictory testimony to be incredible. ***See Conner***, 217 A.3d at 309. In addition, as the court pointed out, Husband and Wife immediately moved into the Property after Father purchased it with no additional involvement from Father. ***See Anthony***, 514 A.2d at 93. We discern no abuse of discretion.

Moreover, both Husband and Wife used the Property as their home for almost the entirety of their over 21-year marriage. Thus, like an inheritance that has been comingled in the same account, the Property here was equally accessible and used by both parties. ***See Bold***, 516 A.2d at 745; ***Fitzpatrick***, 547 A.2d at 367. The trial court did not abuse its discretion by determining that the Property was marital property subject to equitable distribution. ***See Perlberger***, 626 A.2d at 1196.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2022